IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTIAN McMILLIAN | § | |
| v. | § | CIVIL ACTION NO. 6:11cv292 |
| DIRECTOR, TDCJ-CID, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Christian McMillian, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McMillian's original complaint took the form of a motion for a temporary restraining order, stating that he was being subjected to pain, harassment, and extreme sleep deprivation continuously from May 10, 2011, until May 16, 2011, the date that the complaint was drafted. He stated that he had been subjected to strip searches every hour and placed in "excessive restraints," including two pairs of handcuffs, a security box with a chain and padlock for the handcuffs, and leg shackles. These are removed while he is placed in the shower and his property is searched and strewn about. The officers then come to the shower, place the restraints on him, and return him to his cell. About 45 minutes later, the officers come back to the cell and the process begins again. McMillian contended that because of the "emergency nature" of his complaint, he did not have time to get his inmate trust account data sheet or the full names of all of the Defendants.

After reviewing the pleadings, the Magistrate Judge ordered him to file an amended complaint setting out a short and plain statement of his claims. In response, McMillian filed an amended complaint naming a total of 19 defendants. He asserted that between May 10 and May 18, 2011, he was searched a total of 170 times, which searches were conducted "every hour around the clock." He filed a Step One grievance on May 12, 2011, which was denied, but his Step Two grievance was still pending as of the time that he filed his amended complaint.

After review of the pleadings, the Magistrate Judge issued a Report on August 4, 2011, recommending that the complaint be dismissed without prejudice for failure to exhaust administrative remedies, as required by 42 U.S.C. §1997e. The Magistrate Judge noted that McMillian affirmatively stated that he had not exhausted his administrative remedies, as shown by the fact that his Step Two grievance was still pending as of the time of the filing of the amended complaint. Although McMillian argued that "exigent circumstances" should excuse the exhaustion requirement, the Magistrate Judge rejected this argument, noting that in Wood v. Hirsch, slip op. no. 10-40902, 2011 WL 2938027 (5th Cir., July 20, 2011), the plaintiff had argued that emergency conditions, including denial of legal supplies, retaliation through placement in a more violent housing area, and confiscation of chain bags containing legal materials, should excuse the exhaustion requirement, but the Fifth Circuit rejected this argument, stating that the plaintiff's assertions simply restated his claims that he was being retaliated against.

McMillian filed objections to the Magistrate Judge's Report on August 15, 2011. In his objections, McMillian acknowledges that inmates must normally exhaust administrative remedies, but says that "in certain emergency situations where a prisoner would face irreparable harm if not granted immediate protection, the exhaustion requirement can be allowed to follow after the prisoner obtains the temporary protection of a temporary restraining order." He complains that he sought such an order, but has not been granted one, and argues at length that the conditions imposed on him should have justified a temporary restraining order. McMillian acknowledges that the searches stopped after eight days.

McMillian also argues that his furnishing of the answered Step One grievance and the not-yet-answered Step Two grievance serves to "demonstrate his good-faith attempt to meet the PLRA requirement." He says that Wood is inapposite because that case did not allege any type of "actual or permanent irreparable injury," nor did the plaintiff in that case suffer "more than de minimis physical injury." He contends that requiring him to re-file his lawsuit would be inefficient and thus not serve the purpose of the exhaustion requirement, and complains that his initial filing of a temporary restraining order was not properly handled and that he has made every possible attempt to secure the protections of the Court, but to no avail. McMillian again argues that this is a "rare exception" in which the exhaustion requirement should be excused.

McMillian's objections are without merit. The Supreme Court has held that exhaustion of administrative remedies is now required for "all actions" brought with respect to prison conditions. Porter v. Nussle, 534 U.S. 516, 525 (2002). The Court described this as "Congress' elimination of judicial discretion to dispense with exhaustion." Porter, 534 U.S. at 529. A similar position was laid out by the Supreme Court in Booth v. Churner, 532 U.S. 731, 741 n.6 (2001), in which the Court stated that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." The Fifth Circuit has explained that TDCJ has a two-step grievance procedure, and a grievance must be pursued through both steps before administrative remedies are exhausted. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004); *see also* Gonzalez v. Crawford, slip op. no. 10-20398, 2011 WL 1057577 (5th Cir., March 23, 2011) (affirming dismissal for failure to exhaust where the plaintiff conceded that he did not file a Step Two grievance).

As a result, a number of courts have expressly refused to carve out an equitable or "emergency exception" to the exhaustion requirement. *See, e.g.*, Rivera v. Pataki, civil action no. 01-Civ-5179, 2003 WL 21511939 (S.D.N.Y., July 1, 2003) (judicially crafting exceptions to the exhaustion requirement is inconsistent with Porter and Booth, and so the claim that the exhaustion requirement should be excused because of the inmate's severe medical condition lacked merit);

Smith v. Thompson, 638 F.Supp.2d 754, 757 (E.D.Ky. 2009). In Smith, the Eastern District of Kentucky held that the exhaustion requirement is mandatory and subject to any judge-made exceptions such as futility, and that "the exhaustion requirement cannot be circumvented by the simple expedient of requesting injunctive relief." *See also* Rios v. Cate, civil action no. 10-CV-1064, 2010 WL 2998791 (S.D.Cal., July 28, 2010) (stating that where a party seeking a TRO does not demonstrate compliance with a prerequisite to pursuing an action in federal court, such as exhaustion of administrative remedies, he cannot establish a likelihood of success on the merits and thus cannot be granted a restraining order).

As the Magistrate Judge said, the Fifth Circuit held in Underwood that exhaustion may be excused where dismissal "would be inefficient or would not further the purposes of the Prison Litigation Reform Act." However, Underwood pre-dated Booth and Porter, and so that decision is necessarily limited by the holdings in those cases. In Days v. Johnson, 322 F.3d 863 (5th Cir. 2003), *overruled on other grounds in* Jones v. Bock, the Fifth Circuit excused the exhaustion requirement where the inmate was unable to file grievances because of a broken hand and then had later attempts to file grievances rejected as untimely; the Fifth Circuit held that under those circumstances, the exhaustion requirement was excused, but stated that "the holding was limited to the narrow facts of this case" and that exhaustion would be excused when the untimely filing of a grievance was due to a physical injury and the grievance system rejects subsequent attempts to exhaust based on the untimely filing. *See also* Johnson v. Ford, 261 Fed.Appx. 752, 2008 WL 118365 (5th Cir., January 14, 2008) (reaffirming Underwood's holding that exhaustion can be excused where dismissal would be inefficient or not serve the purposes of the Act, without mention of Booth or Porter).

Under prevailing Fifth Circuit authority, it is thus clear that exhaustion can be excused in certain instances, although this instances are necessarily rare and extraordinary, such as existed in Days. While McMillian argues that in this case, requiring exhaustion would be "inefficient," he offers no justification for this contention, particularly in light of the fact that the

4

searches of which he complains lasted only eight days and ended on May 18, 2011. Unlike the situation in Days, McMillian was able to and in fact did file timely grievances. However, as he acknowledges, he then filed his lawsuit before the grievance procedure was completed. The Fifth Circuit said in Underwood that "by choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures." Underwood, 151 F.3d at 296.[1] Similarly, McMillian chose to file and pursue his lawsuit before the grievance procedures were completed. He shows no valid justification for this failure to exhaust administrative remedies; rather, it appears that McMillian was attempting to evade the exhaustion requirement by casting his claim in the form of a request for injunctive relief. As the Southern District of California explained in Rios, the plaintiff cannot obtain temporary injunctive relief without a showing of a likelihood of success, and McMillian had no likelihood of success when he had failed to exhaust administrative remedies. Because McMillian acknowledges that he failed to exhaust his administrative remedies and has not shown a valid basis for this failure, his objections to the Magistrate Judge's Report are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 18) is hereby ADOPTED as the opinion of the District Court. It is further

---

[1] Although Underwood approved of the dismissal of the lawsuit *with* prejudice under this circumstance, the Magistrate Judge properly recommended dismissal *without* prejudice based upon the specific facts of this case, so as to give McMillian the opportunity to refile once exhaustion had been accomplished.

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to exhaust administrative remedies. Because of this dismissal, the Court need not consider at this time whether or not McMillian's claim for injunctive relief is moot. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 12th day of October, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE