IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

CHRISTIAN McMILLAN              §

v.                              §          CIVIL ACTION NO. 6:11cv292

GUILLERMO DELAROSA, ET AL.      §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR RECONSIDERATION

The Plaintiff Christian McMillan, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McMillan complained that he was being subjected to disproportionate restraints and searches continuously from May 10, 2011, until he wrote the complaint, on May 16, 2011. He said that during this time period, he was subjected to some 90 strip searches, an average of about one per hour around the clock.

The Magistrate Judge ordered McMillan to file an amended complaint, which he did on July 19, 2011. In this amended complaint, he said that between May 10 and May 18, he was subjected to some 170 strip searches. McMillan said that he filed a Step One grievance on May 12, but that he could not simultaneously comply with the order to amend his complaint within 30 days and await the response to the Step Two grievance, which he had not yet received as of the filing of the amended complaint.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed for failure to exhaust administrative remedies. The Magistrate Judge

1

noted that McMillan conceded that he had not yet received his Step Two response, showing that the failure to exhaust "clearly appeared on the face of the pleadings," and rejected McMillan's contention that "exigent circumstances" should excuse the exhaustion requirement. McMillan filed objections to the Magistrate Judge's Report, but the Court overruled these objections and dismissed the lawsuit without prejudice on October 12, 2011.

McMillan subsequently filed a motion to alter or amend the judgment. This motion argued that the Court did not take his factual assertions as true, overlooked his allegations of irreparable harm, asserted that his administrative remedies were exhausted after the lawsuit was filed, and blamed the Court for the failure to exhaust, saying that the 30-day time period which he was given to amend his complaint was too short to complete the exhaustion process.

The Magistrate Judge issued a Report recommending that McMillan's motion to alter or amend the judgment be denied. In this Report, the Magistrate Judge observed that under the Prison Litigation Reform Act, inmates are required to exhaust their administrative remedies in full before filing suit, and that exhaustion after the lawsuit is filed is not sufficient. The Magistrate Judge rejected McMillan's claim that the Court should have held his lawsuit in abeyance, noting that this practice was changed by the enactment of the Prison Litigation Reform Act in 1996, and that prior cases holding that exhaustion would be excused where dismissal would be inefficient or would not further the purposes of the PLRA had been cast into question by later U.S. Supreme Court decisions making clear that futility or exceptions would not be read into the exhaustion requirement where Congress had provided otherwise. The Magistrate Judge also determined that McMillan had failed to show exigent circumstances even if such a requirement survived, and that McMillan's other claims, including separation of powers, equal protection, the right to petition for redress of grievances, and denial of the protections of the injunctions provision of the Federal Rules of Civil Procedure, were all lacking in merit.

In his objections, McMillan complains that the dismissal of his lawsuit amounts to an unconstitutional denial of access to court and an unconstitutional application of the exhaustion

requirement set out in the PLRA, in violation of the doctrine of separation of powers. He again states that the Court was the reason why he could not comply with the exhaustion requirement and says that the Report is a "legal strawman tactic." He asserts that the conditions to which he was subjected amount to "torture" and says that the "emergency grievances" which he filed served to exhaust his administrative remedies, despite his concession that he had not taken these through both steps of the grievance procedure prior to filing his lawsuit. He also complains that he filed his lawsuit as a motion for a temporary restraining order, and it was improperly recast as a Section 1983 lawsuit.

McMillan's objections are without merit. The Magistrate Judge properly recast McMillan's original pleading, a request for a temporary restraining order, as a Section 1983 lawsuit because a temporary restraining order is a request for relief, not a free-standing cause of action. Louisiana Crisis Assistance Center v. Marzano, civil action no. 11-2102, 2012 WL 2717075 (E.D.La., July 9, 2012) (noting that injunctive relief is a remedy, not an independent cause of action); accord, Fair Deals, Ltd., v. Wold Choice Travel, 180 F.Supp.2d 678, 682 n.1 (D.Md. 2001); Henke v. Arco Midcon, LLC, 750 F.Supp.2d 1052, 1059-60 (E.D.Mo. 2010); Ayers v. Richards, civil action no. CO8-5541, 2009 WL 32444445438 (W.D.Wash., October 5, 2009), citing Ricon v. Recontrust Co., civil action no. 09cv937, 2009 WL 2407396 (S.D.Cal., August 4, 2009). As such, McMillan's lawsuit was governed by the Prison Litigation Reform Act, including the exhaustion requirement. No case has held that the exhaustion requirement is unconstitutional or denies inmates access to court. His assertion that the Court is to blame for his failure to exhaust is entirely without merit, given that he was required to exhaust his administrative remedies prior to filing his initial pleading.

McMillan's contention that the exhaustion requirement should be pretermitted by "exigent circumstances," including "torture," also lacks merit. See Wood v. Hirsch, 461 Fed.Appx. 365, 2011 WL 2938027 (5th Cir., July 20, 2011) (rejecting claim that "exigent circumstances" excused the exhaustion requirement). McMillan made clear that he had not pursued his grievances

to the Step Two level at the time of the filing of either the original or the amended complaint, asserting that it was the Court's fault that he had not done so, and thus it is clear from the face of the pleadings that McMillan had not exhausted his administrative remedies at the time that he filed suit. Although he claimed to have exhausted his administrative remedies through the filing of an "emergency" grievance, the TDCJ grievance procedure is a two-step process, both of which steps must be pursued before a grievance is exhausted. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). McMillan does not dispute that he received a response to his initial grievance, saying that the Step Two grievance was still pending at the time that he filed his amended complaint. The Fifth Circuit has held that both steps of the grievance procedure must be completed prior to the filing of the lawsuit, and that even complete exhaustion after the lawsuit is filed is not sufficient. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Thus, the fact that McMillan's Step Two grievance was pending as of the filing of the amended complaint shows that he had not completed both steps of the administrative grievance procedure prior to filing suit. Gonzalez v. Crawford, slip op. no. 10-20398, 2011 WL 1057577 (5th Cir., March 23, 2011) (affirming dismissal of a complaint for failure to exhaust administrative remedies where the plaintiff conceded that he had not filed a Step Two grievance); see also Wood, 461 Fed.Appx. 365 (affirming dismissal of a complaint for failure to exhaust where plaintiff testified that he received a response to his Step Two grievance after he filed the lawsuit, but that he had not yet received a response when the case was filed).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's motion to alter or amend the judgment, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 28) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion to alter or amend the judgment (docket no. 27) is hereby DENIED.

   **It is SO ORDERED.**

   **SIGNED this 24th day of July, 2012.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE